FILED
3/16/2020
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In re the Detention of L.W., | ) | No. 79922-3-I |
| | ) | |
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| L.W., | ) | |
| | ) | |
| Appellant. | ) | FILED: **MAR 1 6 2020** |

PER CURIAM — L.W. appeals an order committing her for up to 14 days of involuntary treatment. L.W. was released from her commitment in May, 2019. She contends, and the State concedes, that the commitment order must be vacated because the court entered insufficient findings to support her commitment. See In the Matter of the Detention of G.D., __ Wn.App.2d __ , 450 P.3d 668 (2019) (boilerplate findings insufficient to permit meaningful review of determination that appellant presented a likelihood of serious harm to herself). The State makes this concession despite its recent filing of supplemental findings and conclusions. L.W. has moved to strike these findings, but the State did not respond to the motion or request a remand for entry of additional findings. Also, the State has not disputed L.W.'s argument that the evidence was insufficient to conclude she was gravely disabled. Under these circumstances, we accept the concession of error and remand solely for an order vacating the order of commitment and dismissing the petition.

FOR THE COURT: _Chun, J._

_Mann, ACJ_

_Andrus, J._